IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBECCA VERD, Minnesota trustee          Case No. 3:11-cv-00677-AA
for the estate of JOHN PHILIP                OPINION AND ORDER
VERD, III; REBECCA VERD and JOHN
PHILIP VERD II, individually
and as personal representativeS
of the estate of JOHN PHILIP
VERD, III, deceased,

          Plaintiffs,

      v.

I-FLOW, LLC fka I-Flow
Corporation,

          Defendant.
_____

I-FLOW, LLC,

          Third-Party Plaintiff,

      v.

BROOKE BENZ, M.D. and BENZ BONE
& JOINT CLINIC,

          Third-Party Defendants.
_____

Michael L. Williams
Leslie W. O'Leary
Linda C. Love
Thomas B. Powers
Williams Love O'Leary & Powers, P.C.
12725 S.W. Millikan Way, Suite 300
Beaverton, Oregon 97005

Laura B. Kalur
Kalur Law Office
5200 S.W. Kruse Way, Suite 150
Lake Oswego, Oregon 97035

Ernest Franklin Woodson
Matthew E. Munson
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103

Yvonne M. Flaherty
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, Minnesota 55401
     Attorneys for plaintiffs

Eric J. Neiman
Rachel A. Robinson
Williams Kastner & Gibbs, P.L.L.C.
888 S.W. Fifth Avenue, Suite 600
Portland, Oregon 97204

Phillip Mark Crane
Christian M. Ryba
Segal McCambridge Singer & Mahoney
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
     Attorneys for defendant/third-party plaintiff I-Flow, LLC

Robert M. Keating
Keating Jones Hughes, P.C.
One S.W. Columbia, Suite 800
Portland, Oregon 97258
     Attorney for third-party defendants Brooke Benz, M.D., and
     Benz Bone & Joint Clinic

AIKEN, Chief Judge:

Third-party defendants Brooke Benz, M.D., and Benz Bone &
Joint Clinic (collectively "Benz") move to dismiss I-Flow, LLC's
("I-Flow") third-party claims pursuant to Fed. R. Civ. R. 12(b)(1)
and Fed. R. Civ. R. 12(b)(6).  For the reasons set forth below,
Benz's motion is granted in part and denied in part.

## BACKGROUND

On September 8, 2003, Benz performed surgery on John Philip
Verd, III's ("Verd") left shoulder; a pain pump[1] designed,
manufactured, marketed, and distributed by I-Flow was implanted at
that time.   On June 10, 2004, Verd was diagnosed with
chondrolysis.[2]  On July 24, 2004, in an attempt to alleviate this
painful condition, Benz completed a second surgery, partially
replacing Verd's left shoulder.  On October 27, 2009, Verd died
following an overdose of the pain medication used to treat his
chondrolysis.

On April 26, 2011, plaintiffs filed a complaint in the U.S.
District Court for the District of Minnesota, alleging that I-
Flow's defective design, failure to warn, and negligence concerning

---

[1] "Pain pumps are used for post-surgery pain relief in
orthopedic procedures. They work by pumping the surgical site
with a constant source of local anesthetic, delivered via a
catheter implanted during surgery." Daughtery v. I-Flow, Inc.,
2010 WL 2034835, *1 (N.D. Tex. Apr. 29, 2010).

[2] Chrondrolysis "is a rapid loss of cartilage and a
narrowing of the joint space." Liming v. Stryker Corp., 2012 WL
1957287, *1 (S.D. Ohio May 31, 2012).

Page 3 - OPINION AND ORDER

its pain pump caused Verd's chondrolysis and, by extension, his wrongful death. On June 6, 2011, plaintiffs' action was transferred to this Court. On January 24, 2013, with leave from the Court, I-Flow filed a third-party complaint against Benz, asserting claims for: (1) medical negligence and comparative fault pursuant to Or. Rev. Stat. § 31.600; (2) contribution pursuant to Or. Rev. Stat. § 31.810; and (3) intentional and negligent spoilation of evidence. On February 19, 2013, Benz moved to dismiss I-Flow's third-party complaint.

## STANDARDS

Where the court lacks subject-matter jurisdiction, the action must be dismissed. See Fed. R. Civ. P. 12(b)(1). Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Fed. R. Civ. P. 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes of that motion, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. See Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a

plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

## DISCUSSION

As a preliminary matter, "I-Flow concedes that, under the Oregon Supreme Court's holding in Lasley v. Combined Transport, Inc., 351 Or. 1, 261 P.3d 1215 (2011), its independent claim for contribution against Dr. Benz cannot stand." I-Flow's Resp. to Mot. Dismiss 4 n.1. Therefore, Benz's motion is granted as to I-Flow's contribution claim pursuant to Or. Rev. Stat. § 31.810.

Benz contends that I-Flow's remaining claims should be dismissed under a number of different theories. First, Benz argues that dismissal is proper because I-Flow's third-party complaint is independent of plaintiffs' underlying action, such that it is outside of the scope of Fed. R. Civ. P. 14. Second, Benz requests that this Court decline to exercise supplemental jurisdiction over I-Flow's claims. Third, Benz asserts that negligent and intentional spoilation of evidence claims, as well as comparative fault claims under Or. Rev. Stat. § 31.600, are not cognizable in Oregon or, alternatively, are time-barred. Lastly, Benz argues that I-Flow's medical negligence and comparative fault claim fails as a matter of law because there was no doctor-patient relationship.

I.   <u>Requirements of Fed. R. Civ. P. 14</u>

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."   Fed. R. Civ. P. 14(a)(1).   "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim."   <u>Kim v. Fujikawa</u>, 871 F.2d 1427, 1434 (9th Cir. 1989). Accordingly, "a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and is secondary or derivative thereto."   <u>Stewart v. Am. Int'l Oil & Gas Co.</u>, 845 F.2d 196, 199-200 (9th Cir. 1988) (citation omitted).   "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff."   <u>Id.</u> at 200 (citations omitted).

The Court finds that I-Flow's claims are both dependent upon and derivative of plaintiffs' underlying lawsuit and thus within the scope of Fed. R. Civ. P. 14.   It is undisputed that "I-Flow is trying to transfer liability to Dr. Benz through the third-party complaint."   Benz's Reply to Mot. Dismiss 10.   Moreover, as discussed below, Oregon law recognizes a claim for comparative fault pursuant to Or. Rev. Stat. § 31.600 in this context and,

accordingly, Benz could be liable for the claims asserted against I-Flow.    Thus, unlike Kim, on which Benz relies, a substantive legal basis exists for I-Flow's third-party complaint.    See Kim, 871 F.2d at 1434.    As such, I-Flow's claims are not merely independent of or related to plaintiffs' claims, but rather are secondary thereto, despite the fact they proceed under different legal theories.    Therefore, Benz's motion is denied in this regard.

II.    Subject-Matter Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).    Nonetheless, the court may, in its discretion, "decline to exercise supplemental jurisdiction" over a pendent state law claim where: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639-41 (2009).

Here, it is undisputed that this Court has subject-matter jurisdiction over I-Flow's third-party claims because I-Flow and

Page 7 - OPINION AND ORDER

Benz are completely diverse, and the amount in controversy exceeds
$75,000.  See 28 U.S.C. § 1332; Caterpillar, Inc. v. Lewis, 519
U.S. 61, 66 n.1 (1996); see also I-Flow's Compl. ¶¶ 1-5; Benz's
Reply to Mot. Dismiss 10.   In addition, I-Flow's claims are
derivative of, as opposed to pendent to, plaintiffs' claims, which
are also premised on diversity jurisdiction.   Therefore, because
original jurisdiction exists over the third-party complaint, the
Court lacks discretion to dismiss I-Flow's claims pursuant to 28
U.S.C. § 1367.  See Brockman v. Merabank, 40 F.3d 1013, 1016-17
(9th Cir. 1994).  Accordingly, Benz's motion is denied as to this
issue.

III. Failure to State a Claim

    In determining whether a cause of action exists, the court
examines the law of the state where the alleged tort occurred.  See
Molsbergen v. United States, 757 F.2d 1016, 1020 (9th Cir.), cert.
denied, 473 U.S. 934 (1985).  "When a decision turns upon
applicable state law, and the state's highest court has not
adjudicated the issue, the district court must make a reasonable
determination, based upon such recognized sources as statutes,
treatises, restatements and published opinions, as to the result
that the highest state court would reach if it were deciding the
case."  Id. (citations omitted).

    A.   Medical Negligence and Comparative Fault Claim

    The  Oregon  Supreme  Court  recently  interpreted  Oregon's

comparative fault statutory scheme. See Lasley, 351 Or. at 14-24. Under this scheme, "no tortfeasor is liable for more than its percentage of fault, and that percentage of fault is determined in the original negligence action brought by the plaintiff." Lasley, 351 Or. at 20-21 (citing Or. Rev. Stat. §§ 31.610(2), 31.805). As such, "when a plaintiff does not join a tortfeasor as a defendant, the comparative negligence statutes permit the named defendant to file a third-party complaint against the tortfeasor . . . [i]n that instance, the third-party defendant will not be liable to the defendant but, potentially, will be liable to the plaintiff." Id. at 21-22 (citing Or. Rev. Stat. § 31.600(3)[3]). In so doing, "a defendant must, in some way, affirmatively plead a specification of negligence on which it intends to rely, and that has not been pleaded by the plaintiff." Lasley, 351 Or. at 17 (citations omitted).

I-Flow relies heavily on this case in support of its assertion that a third-party comparative fault claim exists under Oregon law; Benz does not respond to I-Flow's argument or otherwise address the implications of Lasley. See generally Benz's Mem. in Supp. Mot. Dismiss; Benz's Reply to Mot. Dismiss. Nevertheless, under Lasley

---

[3] This statute provides that a "defendant who files a third party complaint against a person alleged to be at fault in the matter . . . has the burden of proof in establishing [t]he fault of the third party defendant [and] [t]hat the fault of the third party defendant . . . was a contributing cause to the injury or death under the law applicable in the matter." Or. Rev. Stat. § 31.600(3).

and Or. Rev. Stat. § 31.600, I-Flow's third-party comparative fault claim is cognizable if I-Flow alleges that Benz was negligent and therefore liable, in whole or in part, for Verd's injuries. <u>See</u> <u>Lasley</u>, 351 Or. at 22. That is precisely the case here. <u>See</u> I-Flow's Compl. ¶¶ 27-35. Thus, to the extent he contends that dismissal is proper because Oregon law does not recognize third-party comparative fault claims, Benz's motion is denied.

Moreover, Oregon law authorizes a non-patient third party to assert claims against a physician based on that physician's negligent care of a patient. <u>See</u> <u>Zavalas v. State By & Through</u> <u>Dep't of Corr.</u>, 124 Or. App. 166, 173, 861 P.2d 1026 (1993), <u>rev.</u> <u>denied</u>, 319 Or. 150, 877 P.2d 86 (1994); <u>see also</u> <u>Docken v.</u> <u>Ciba-Geigy</u>, 86 Or. App. 277, 280-281, 739 P.2d 591, <u>rev. denied</u>, 304 Or. 405, 745 P.2d 1225 (1987) (physician's liability for failure to warn of dangers of prescription drug extended to anyone foreseeably injured by that negligence). While Benz is correct that <u>Zavalas</u> did not involve a claim for medical negligence against a physician, that court did consider the precise argument raised by Benz here and rejected it. <u>Zavalas</u>, 124 Or. App. at 171-74; <u>see</u> <u>also</u> <u>Delaney v. Clifton</u>, 180 Or. App. 119, 124, 41 P.3d 1099, <u>rev.</u> <u>denied</u>, 334 Or. 631, 54 P.3d 1041 (2002) ("[t]o be sure, the court in <u>Zavalas</u> held that professionals are not entitled to the benefit of an across-the-board 'no duty' rule merely because they are not in privity with those whom their negligent conduct affects").

Page 10 - OPINION AND ORDER

Specifically, in <u>Zavalas</u>, the personal representative of two children hit and killed by a car, and the parents and guardian ad litem of two other children injured in the same accident, brought a negligence and wrongful death action against a physician.  <u>See</u> <u>Zavalas</u>, 124 Or. App. at 169-70.  The plaintiffs alleged that the physician was medically negligent in prescribing the driver who caused the accident with medication because it was reasonably foreseeable that, as a result of the physician's negligence, an accident would occur.  <u>Id.</u>  The physician filed a motion for summary judgment, contending that "in the absence of a physician-patient relationship, plaintiffs simply have no claim for medical negligence against [him]."  <u>Id.</u> at 172.  The Court of Appeals explicitly "reject[ed] defendant's position that under no circumstances can a physician ever be liable to a nonpatient third party" and reversed the trial court's dismissal of the plaintiffs' negligence claim.  <u>Id.</u> at 173-74.

This Court acknowledges that, in most cases, "a physician-patient relationship is a necessary predicate to stating a medical malpractice claim [because] without a physician-patient relationship, there can be no duty to the plaintiff, and hence no liability."  <u>Mead v. Legacy Health Sys.</u>, 352 Or. 267, 276, 283 P.3d 904 (2012) (citations and internal quotations omitted). Nonetheless, the Court finds <u>Zavalas</u>, <u>Docken</u>, and <u>Delaney</u> persuasive.  Thus, Benz's liability for negligently performing

Verd's surgeries extends to anyone foreseeably injured by that
negligence, which, in this case, includes I-Flow.  Further, while
not dispositive, this result is especially appropriate here because
I-Flow's derivative claim for medical negligence and comparative
fault is premised on the doctor-patient relationship between Verd
and Benz; as <u>Lasley</u> makes clear, if I-Flow prevails on this claim,
Benz will be liable to Verd, to whom Benz undisputedly owed a duty
of care.  <u>See</u> <u>Lasley</u>, 351 Or. at 21-22.  As such, Benz's motion to
dismiss for failure to state a third-party medical negligence and
comparative fault claim is denied.

     B.   <u>Spoilation of Evidence Claims</u>

     While the Oregon Supreme Court has yet to address intentional
or negligent spoilation of evidence as an independent cause of
action, the Court of Appeals has, without defining its precise
contours, suggested that such a claim exists.  <u>See, e.g.</u>, <u>Marcum v.
Adventist Health Sys./W.</u>, 215 Or. App. 166, 190-92, 168 P.3d 1214
(2007), <u>rev'd on other grounds</u>, 345 Or. 237, 193 P.3d 1 (2008);
<u>Classen v. Arete NW, LLC</u>, 254 Or. App. 216, 221-26, 294 P.3d 520
(2012).[4]  In addition, a district court from outside of the Ninth
Circuit has held that the Oregon Supreme Court would recognize

---

    [4] The Court of Appeals has also analyzed whether a
negligence action can be maintained based on the loss or
intentional destruction of relevant evidence.  <u>See</u> <u>Classen</u>, 254
Or. App. at 223-26 (distinguishing <u>Simpkins v. Connor</u>, 210 Or.
App. 224, 229-31, 150 P.3d 417 (2006); and <u>Boden v. Ford Motor
Co.</u>, 86 Or. App. 465, 468-69, 739 P.2d 1067 (1987)).

Page 12 - OPINION AND ORDER

claims for intentional and negligent spoilation. <u>See</u> <u>In re</u> <u>Helicopter Crash Near Wendle Creek, B.C., On Aug. 8, 2002</u>, 2009 WL 1391422, *1-2 (D. Conn. May 18, 2009). This District, however, has expressly rejected the viability of an intentional spoilation claim under Oregon law. <u>See</u> <u>Blincoe v. W. States Chiropractic Coll.</u>, 2007 WL 2071916, *7-9 (D. Or. July 14, 2007) (citations omitted).

The foregoing demonstrates that, far from clarifying this issue, courts from both within and outside of Oregon have struggled with whether the relevant sources of law establish spoilation of evidence as an independent cause of action. Nevertheless, as in <u>Marcum</u> and <u>Classen</u>, this Court declines to address the precise contours of a cognizable claim for negligent or intentional spoilation under Oregon law and instead decides Benz's motion on narrower grounds. Even assuming that Oregon does recognize such a cause of action, I-Flow has yet to resolve its underlying medical malpractice and contributory fault claim; however, "resolution of a plaintiff's underlying claim is necessary to demonstrate cognizable injury for purposes of a spoilation action." <u>Classen</u>, 254 Or. App. at 221-26 (affirming the dismissal of a plaintiff's spoilation claim where "she did not allege that she had filed an action on any of the underlying claims") (citation omitted); <u>see also</u> <u>Marcum</u>, 215 Or. App. at 191-92. Thus, I-Flow's spoilation claims are premature and, accordingly, are dismissed with leave to replead.

IV.  <u>Statute of Limitations</u>

A negligence or comparative fault claim "shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."  Or. Rev. Stat. § 12.110(1).  Likewise,

> [a]n action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, . . . every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered.

Or. Rev. Stat. § 12.110(4).  Under Oregon's discovery rule, the statute of limitations does not begin to run until the plaintiff knows or, in the exercise of reasonable care, should know facts that would make an objectively reasonable person aware of a substantial possibility that an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party. <u>See</u> <u>Gaston v. Parsons</u>, 318 Or. 247, 256, 864 P.2d 1319 (1994); <u>Adams v. Or. State Police</u>, 289 Or. 233, 239, 611 P.2d 1153 (1980).

Regardless of whether Or. Rev. Stat. § 12.110(1) or Or. Rev. Stat. § 12.110(4) governs, I-Flow's medical negligence and

Page 14 - OPINION AND ORDER

comparative fault claim against Benz is timely.  Contrary to Benz's assertion, the substantive merits of I-Flow's fraudulent concealment argument is immaterial at this state in the proceedings.  See Rosen, 719 F.2d at 1424.  Rather, accepting I-Flow's well-pleaded allegations as true, Benz fraudulently concealed his negligence in regard to Verd's surgeries and, as a result, I-Flow did not know, or reasonably could not have known, of a substantial possibility that Benz was responsible for Verd's and, by extension, I-Flow's injury until October 2012, when Benz first provided deposition testimony regarding the full extent of his actions.  See I-Flow's Compl. ¶ 35; see also I-Flow's Resp. to Mot. Dismiss 3, 14-17.

I-Flow filed a third-party complaint on January 24, 2013, less than four months after "discovering" that it had suffered an injury and that Benz was the responsible party.  Thus, I-Flow's medical negligence and comparative fault claim falls with the statute of limitations because it was initiated "within two years from the date such fraud, deceit or misleading representation [was] discovered or in the exercise of reasonable care should have been discovered."  Or. Rev. Stat. § 12.110(4), (1); see also Sonsteng v. Dominican Sisters of Ontario, Inc., 630 F. Supp. 2d 1253, 1259 (D. Or. 2009) (medical malpractice claim, commenced six years after the injury occurred, was timely under Or. Rev. Stat. § 12.110(4) because the plaintiff's physician fraudulently concealed the

Page 15 - OPINION AND ORDER

injury).  Additionally, I-Flow filed its claims less that two years after plaintiffs commenced their underlying action.  Therefore, I-Flow's medical negligence and comparative fault claim is not time-barred and Benz's motion is denied in this regard.

## CONCLUSION

Benz's motion to dismiss (doc. 62) is DENIED as to I-Flow's medical negligence and comparative fault claim pursuant to Or. Rev. Stat. § 31.600, and GRANTED in all other respects.  Benz's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this _14th_ day of May 2013.


_____
Ann Aiken
United States District Judge